GOVERNOR A.P. LUTALI, on Behalf of
DEVELOPMENT BANK OF AMERICAN SAMOA,
Plaintiff

v.

MABEL FOSTER and
AMERICAN SAMOA DEVELOPMENT CORP.,
Jointly and Severally, Defendants

High Court of American Samoa
Trial Division

CA No. 37-93

June 3, 1993

Before KRUSE, Chief Justice, and MAILO, Associate Judge.

Counsel: For Plaintiff, Jennifer L. Joneson, Assistant Attorney General
For Defendants, Asaua Fuimaono

On Motion to Reconsider:

Defendants move the court to reconsider its decision and order entered May 3, 1993, in the above-entitled matter. Defendants' submissions are twofold: a) "that the court erred by alluding to possible breach of fiduciary duty owed by Board of Directors to the shareholders," an issue which, while not before the court, was "at least partially" the premise for the decision; and b) that the court "overlooked" defendants' argument relating to the construction of A.S.C.A. § 30.0141(a).

I. Contrary to defendants' assertions, the issue before this court at trial was not whether ASDC's board of directors violated its fiduciary duty as such, but whether it improperly tried to insulate itself from the stockholders' control by failing to call a special meeting. This court merely noted the fiduciary duty owed by a corporation's board of

53

directors to the stockholders and observed that a board's attempt to insulate itself from accountability to the shareholders is inconsistent with this duty. A finding that ASDC's board acted contrary to ASDC's articles of incorporation and bylaws by failing to call the mandated special shareholders' meeting is thus separate from an evaluation of the board's competence regarding the corporation's management and operation. Thus, the decision did not "rel[y], at least partially," on other matters falling within the general rubric of "fiduciary duty," nor did this court make its decision "armed with the knowledge" that the incumbent board was denied the opportunity to defend its competence.

II. This court did not "overlook[] defendant's [sic] [construction] argument"; rather, the argument was considered and rejected because it lacked, in our view, a legal and evidentiary basis. Defendants' assertion that A.S.C.A. § 30.0141 "is subject, at the maximum, to two differing interpretations" simply fails to acknowledge this court's interpretation--that the statutory requirement of electing members of a board of directors at the stockholders' annual meeting is distinct from removing and subsequently replacing those members.

Defendants' "ordinary meaning of language" argument is also baseless. Use of this rationale undermines defendants' position, as "shall" is clearly not a synonym for "only." Indeed, the absence of the express limitation that elections may "only" be held at the regular, annual stockholders' meeting supports the premise that other directors' elections may be held at special, stockholders' meetings.

In short, the opinion of this court did not concern the competence of the current board of directors, nor did it conflict with the applicable statutory provisions. Furthermore, the mandate of this court is to decide controversies between adverse parties and their respective viewpoints, not to decide which policies, public or otherwise, would best promote the "smooth operation of the hotel." Such policy decisions are separately and properly placed elsewhere in government. Thus, this court confined itself to ordering ASDC's secretary to carry out her duty to call, as required by ASDC's articles of incorporation and bylaws, the special, shareholders' meeting requested by the plaintiff.

Defendants' motion for reconsideration is DENIED.

It is so ordered.